UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br><br> TOMASA CHAVEZ, et al., <br><br> Defendants. | Case No. 2:12-cv-01904-MMD-PAL <br><br> ORDER <br><br> (Plf.'s Renewed Motion for Default Judgment <br> – dkt. no. 15) |

Before the Court is Plaintiff J&J Sports Productions, Inc.'s ("J&J") Renewed Motion for Default Judgment. (Dkt. No. 13.) Defendants Tomasa Chavez and Elizabeth Garcia have not appeared or otherwise respond. The Court previously denied J&J's motion for default without prejudice. (Dkt. no. 14.) J&J has cured the deficiencies identified in the Court's earlier Order. J&J's Renewed Motion is therefore granted.

J&J is a California corporation that distributes and licenses sporting events. J&J claims that at the time of the events at issue in the Complaint, it possessed the exclusive nationwide commercial distribution rights to "'Tactical Warfare': Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Fight Program" ("Program"). The Program was telecast nationwide on November 13, 2010. J&J states that it entered into sublicensing agreements with commercial entities, such as hotels, casinos, bars, and restaurants, across North America, including Nevada. Sublicensing provides commercial entities limited rights to uses of the Program, including publically broadcasting it. J&J alleges that the Program was broadcast at El Pollo Real, a Las Vegas business, without a sublicensing agreement. Defendants apparently do business as El Pollo Real, or are otherwise purportedly responsible for El Pollo Real's broadcast.

The Complaint alleges three claims for violations of 47 U.S.C. § 605 and 47 U.S.C. § 553 and for conversion. The Complaint seeks damages, including statutory damages in the amount of $110,000.00 for Count 1 and $60,000.00 for Count 2. In its Renewed Motion, J&J seeks default judgment in the total amount of $110,000.00 for violation of 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii), and $2,200.00 for conversion. (Dkt. no. 16.)

The Court finds that default judgment is proper. J& has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a) because Defendants have failed to appear after having been properly served. (Dkt. no. 11.) J&J has also satisfied the factors for obtaining default judgment articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). J&J's Motion demonstrates that it is entitled to the maximum statutory damages under 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii).

It is therefore ordered that J&J's Renewed Motion for Default Judgment (dkt. no. 13) is granted. The Clerk is instructed to enter judgment in favor of J&J and against Defendants in the amount of $110,000.00 for violations of 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii) and $2,200.00 for conversation.

DATED THIS 11th day of July 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE